IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP, a Charitable Educational Trust, | ) ) ) | CIVIL NO. 06-00612 HG-LEK |
| | ) | (CONSOLIDATED CASE) |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| BREWER ENVIRONMENTAL INDUSTRIES, LLC, a terminated Hawaii limited liability company; BREWER ENVIRONMENTAL INDUSTRIES HOLDINGS, INC., a Hawaii corporation in dissolution; C. BREWER AND COMPANY, LIMITED, a Hawaii corporation in dissolution; and DOE DEFENDANTS 1-20, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |
| _____ | ) ) | |
| TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP, a Charitable Educational Trust, | ) ) ) | CIVIL NO. 08-00558 HG-LEK |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| ISLAND CEMENT, LLC, a Hawaii limited liability company, CHARLES LEE HARLAN, ROSE MARIE ORNELLAS HARLAN, DAVID KNITTLE, KEVIN BALOG, and DEBORAH DE LUZ-BALOG, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |
| _____ | ) | |

1

**ORDER GRANTING DEFENDANT CHARLES LEE HARLAN'S MOTION TO JOIN
DEFENDANT ISLAND CEMENT, LLC'S MOTION TO DISMISS FIRST AMENDED
COMPLAINT IN CIV. NO. 08-00558 (Doc. 126)**

**AND**

**ORDER DENYING DEFENDANT ISLAND CEMENT, LLC'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT IN CIV. NO. 08-00558 (Doc. 124)**

**AND**

**ORDER GRANTING DEFENDANT CHARLES LEE HARLAN'S MOTION TO JOIN
DEFENDANTS DAVID KNITTLE, KEVIN BALOG, AND DEBORAH DE LUZ-BALOG'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT IN CIV. NO. 08-00558
(Doc. 142)**

**AND**

**ORDER DENYING DEFENDANTS DAVID KNITTLE, KEVIN BALOG, AND DEBORAH
DE LUZ-BALOG'S MOTION TO DISMISS FIRST AMENDED COMPLAINT IN CIV.
NO. 08-00558 (Doc. 129)**

Plaintiffs Trustees of the Estate of Bernice Pauahi
Bishop own the real property of interest in this action
("Property"), which is located in Hilo, Hawaii. The Property was
leased to Defendant Brewer Environmental Industries, LLC ("BEI"),
in 1999. BEI subsequently took steps to re-assign their lease to
Defendant Island Cement, LLC ("Island Cement"), in 2006.
Defendants Charles Lee Harlan, Rose Marie Ornellas Harlan, David
Knittle, Kevin Balog, and Deborah De Luz-Balog ("Guarantors")
executed a Guaranty of Island Cement's performance under the
assigned lease.

Plaintiffs filed suit in 2008 against Defendants Island
Cement and the Guarantors, alleging, among other things, that

Island Cement conducted business operations on the Property, but only made partial rental payments to Plaintiffs on behalf of BEI. Plaintiffs further allege that Island Cement's business operations resulted in environmental contamination of the Property. Defendants Island Cement, David Knittle, Kevin Balog, Deborah De Luz-Balog, and Charles Lee Harlan now move to dismiss the First Amended Complaint.

Defendant Charles Lee Harlan's Motion to Join Defendant Island Cement, LLC's Motion to Dismiss First Amended Complaint (Doc. 126) is **GRANTED**. Defendant Island Cement, LLC's Motion to Dismiss First Amended Complaint (Doc. 124) is **DENIED**. Defendant Charles Lee Harlan's Motion to Join Defendants David Knittle, Kevin Balog, and Deborah De Luz-Balog's Motion to Dismiss First Amended Complaint (Doc. 142) is **GRANTED**. Defendants David Knittle, Kevin Balog, and Deborah De Luz-Balog's Motion to Dismiss First Amended Complaint (Doc. 129) is **DENIED**.

## PROCEDURAL HISTORY

Plaintiffs Trustees of the Estate of Bernice Pauahi Bishop ("Plaintiffs") filed a Complaint on December 9, 2008. (Doc. 1.) The 2008 action (Civ. No. 08-00558) was subsequently consolidated on February 6, 2009, with an earlier action that was commenced by Plaintiffs in 2006 (Civ. No. 06-00612) against Brewer Environmental Industries, LLC; Brewer Environmental

Industries Holding, Inc.; and C. Brewer and Company, Limited.
(Doc. 105.)[1] The present motions concern only the 2008 action.

Plaintiffs filed a First Amended Complaint against
Defendants Island Cement, LLC ("Island Cement"), Charles Lee
Harlan, Rose Marie Ornellas Harlan, David Knittle, Kevin Balog,
and Deborah De Luz-Balog (collectively, "Defendants") on March 6,
2009. (Doc. 116, "Complaint".)

On February 20, 2009, an Entry of Default Against
Defendant Rose Marie Ornellas Harlan was granted by the Clerk of
the Court. (Doc. 114.)

On March 30, 2009, Defendant Island Cement filed a
Motion to Dismiss First Amended Complaint. (Doc. 124, "Island
Cement's Motion to Dismiss".)

On April 3, 2009, Defendant Charles Lee Harlan filed a
Motion to Join Defendant Island Cement's Motion to Dismiss First
Amended Complaint. (Doc. 126, "Motion for Joinder".)

On the same day, Defendants David Knittle, Kevin Balog,
and Deborah De Luz-Balog filed a Motion to Dismiss First Amended
Complaint. (Doc. 129, "Knittle's Motion to Dismiss".)

On May 4, 2009, Plaintiffs filed an Opposition to
Defendants Island Cement, Charles Lee Harlan, David Knittle,
Kevin Balog, and Deborah De Luz-Balog's Motions to Dismiss First

---

[1]     Upon consolidation of the two cases, the Court directed
the parties to file all future documents under the docket number
for the 2006 action (Civ. No. 06-00612).

4

Amended Complaint. (Doc. 137, "Opposition".)

On May 11, 2009, Defendant Island Cement filed a Reply in Support of its Motion to Dismiss First Amended Complaint. (Doc. 138, "Island Cement's Reply".)

On the same day, Defendants David Knittle, Kevin Balog, and Deborah De Luz-Balog filed a Reply in Support of their Motion to Dismiss First Amended Complaint. (Doc. 140, "Knittle's Reply".)

On May 19, 2009, Defendant Charles Lee Harlan filed a Motion to Join Defendants David Knittle, Kevin Balog, and Deborah De Luz-Balog's Motion to Dismiss First Amended Complaint. (Doc. 142, "Second Motion for Joinder".)

The hearing for Defendant's Motions occurred on May 22, 2009.

## BACKGROUND

The 2008 action (Civ. No. 08-00558) in this consolidated case concerns real property ("Property") located in Hilo, Hawaii. Plaintiffs Trustees of the Estate of Bernice Pauahi Bishop ("Plaintiffs") have owned the Property since 1984. On June 14, 1984, Plaintiffs entered into a lease agreement for the Property with Hilo Transportation & Terminal Company, Inc. ("HT&T"). C. Brewer and Company ("Brewer"), a Defendant in the 2006 action, guaranteed HT&T's performance under the lease.

Under the terms of the original lease, the lessee was obligated, among other things, to (a) keep the premises safe and clean (Opposition at Ex. A ¶ 7); and (b) indemnify the lessors for any property damage (Opposition at Ex. A ¶ 16). In addition, the lessee was allowed to assign the lease to a third party, but only with the prior written consent of the lessor. The original lease provided that HT&T, the lessee, and C. Brewer and Company, the guarantor, were obligated to guarantee the performance of the assignee under the lease. The lessee was also allowed to sublet the property, but once again, the prior written consent of the lessor was required. (Opposition at Ex. A ¶ 21.)

HT&T, the lessee, subsequently merged with Brewer Environmental Industries Holdings, Inc. ("BEIH"), another Defendant in the 2006 action. (Compl. ¶ 13.) The newly formed entity assumed HT&T's obligations under the lease. (Id.) On August 30, 1999, BEIH assigned the lease to Brewer Environmental Industries, LLC ("BEI"), the final named Defendant in the 2006 action. (Compl. ¶ 14.)

In the 2008 lawsuit (Civ. No. 08-00558), Plaintiffs allege that on January 17, 2006, BEI re-assigned the lease to Defendant Island Cement, LLC ("Island Cement") without the knowledge or consent of Plaintiffs. (Compl. ¶ 28.) Plaintiffs further allege that Island Cement conducted business operations on the Property from January 2006 through September 2008, but

only made partial rental payments to Plaintiffs on behalf of BEI. Plaintiffs allege that "not less than $413,615.23 in unpaid rent and expenses" are still due. (Compl. ¶ 32.)

On December 20, 2006, Plaintiffs and BEI entered into a "Memorandum Agreement Re Lease No. 27,380" ("Memorandum Agreement") in order to resolve a number of outstanding issues, including the payment of back rent, taxes, environmental remediation, and the assignment of lease to Island Cement. (Opposition at Ex. B.) Island Cement consented to the Memorandum Agreement prior to its execution by Plaintiffs and BEI. (Opposition at Ex. C.)

On April 4, 2007, BEI and Island Cement entered into a Settlement Agreement, whereby Island Cement would pay all outstanding rent and assume all of BEI's obligations under the lease. (Compl. ¶ 39; Opposition at Ex. D.) A Guaranty (Opposition at Ex. E) and an Assignment of Lease (Opposition at Ex. F) were executed concurrently with the Settlement Agreement. None of the three agreements required the signature of Plaintiffs. Defendant Charles Lee Harlan executed the Settlement Agreement and Assignment of Lease on behalf of Island Cement; Defendants Charles Lee Harlan, Rose Marie Ornellas Harlan, David Knittle, Kevin Balog, and Deborah De Luz-Balog ("Guarantors") executed the Guaranty, in their individual capacity, guaranteeing Island Cement's performance under the relevant contracts. (Compl. ¶¶ 36-

37; Opposition at Exs. D, E and F.)

　　　　The Assignment of Lease contains a provision indemnifying Plaintiffs (as "Lessor") for damages, costs, and liabilities related to environmental contamination on the Property "during the term of the Lease." (Opposition at Ex. F ¶ (c).) Plaintiffs allege that Island Cement either "operated the Property at the time of disposal of hazardous substances," or "caused[] or contributed to the release or disposal of such hazardous substances" onto the Property. (Compl. ¶ 23 (internal quotations omitted).) As a result of this contamination, Plaintiffs allege that they have incurred, and are continuing to incur, substantial costs regarding the cleanup of the Property.

　　　　Plaintiffs' First Amended Complaint (Civ. No. 08-00558) alleges various causes of action against Defendants Island Cement, David Knittle, Kevin Balog, Deborah De Luz-Balog, Charles Lee Harlan, and Rose Marie Ornellas Harlan for the violation of a federal statute, the Comprehensive Environmental Response, Compensation, and Liability Act ("CERLA"), 42 U.S.C. §§ 9601 <u>et seq</u>. (Compl. ¶¶ 47-65.) Causes of Action I – IV state the following claims for relief:

　　　　　　CAUSE OF ACTION I: Monetary Damages for Violation of
　　　　　　　　CERCLA;

　　　　　　CAUSE OF ACTION II: Declaratory Relief of Defendants'
　　　　　　　　Liability under CERCLA;

8

CAUSE OF ACTION III: Abatement, Reimbursement, and Cost
    Recovery under CERLCA; and

CAUSE OF ACTION IV: Contribution to Plaintiffs under
    CERCLA.


Plaintiffs have also alleged breach of the Settlement
Agreement, Assignment of Lease, and the Guaranty; Plaintiffs
allege they have standing to enforce their rights as third-party
beneficiaries of these contracts. (Compl. ¶¶ 66-82.) Causes of
Action V - VI state the following claims for relief against
Defendants Island Cement and the Guarantors:

CAUSE OF ACTION V: Breach of the Lease Agreement and
    Settlement Agreement; and

CAUSE OF ACTION VI: Indemnification under the Lease
    Agreement and Settlement Agreement.


In addition, Plaintiffs have alleged that Defendants
Island Cement and the Guarantors are in violation of a state
statute, the Hawaii Environmental Response Law ("HERL"), H.R.S. §
128D. (Compl. ¶¶ 83-98.) Causes of Action VII, VIII, and IX state
the following claims for relief:

CAUSES OF ACTION VII: Monetary Damages for Violation of
    HERL;

CAUSES OF ACTION VIII: Indemnity and Contribution to

Plaintiffs under HERL; and

CAUSES OF ACTION IX: Declaratory Relief of Defendants'

Liability under HERL.


Finally, Plaintiffs have alleged causes of action for waste and remediation against Defendants Island Cement and the Guarantors. (Compl. ¶¶ 99 -107.) Causes of Action X and XI state the following claims for relief:

CAUSE OF ACTION X: Waste; and

CAUSE OF ACTION XI: Injunctive Relief for Immediate Remediation of the Property.


## STANDARD OF REVIEW

### I.   Lack of Subject Matter Jurisdiction

A case is properly dismissed for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) when the court lacks the constitutional or statutory power to adjudicate the case. A court may consider extrinsic evidence in a 12(b)(1) motion to dismiss, including:

> affidavits or any other evidence properly before the court .... It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction.

Ass'n of American Medical Colleges v. United States, 217 F.3d

770, 778 (9th Cir. 2000) (citing St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989) (further citations omitted)).

In evaluating a complaint pursuant to a motion to dismiss, the court must presume all factual allegations to be true and draw all reasonable inferences in favor of the non-moving party. Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987); see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (the complaint must be liberally construed, giving the plaintiff the benefit of all proper inferences); Wileman Bros. & Elliott, Inc. v. Giannini, 909 F.2d 332, 334 (9th Cir. 1990).

Conclusory allegations of law and unwarranted inferences, though, are insufficient to defeat a motion to dismiss. Pareto v. F.D.I.C, 139 F.3d 696, 699 (9th Cir. 1998); In re VeriFone Securities Litigation, 11 F.3d 865, 868 (9th Cir. 1993) (conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981), cert. denied, 454 U.S. 1031 (1981) (the Court does not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations"). Additionally, the Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.

11

2001).

When the motion to dismiss is a factual attack on subject matter jurisdiction, no presumptive truthfulness attaches to plaintiff's allegations. The existence of disputed material facts will not preclude the trial court from evaluating for itself the existence of subject matter jurisdiction in fact. Thornhill Pub. Co., Inc. v. General Tel. & Electronics Corp., 594 F.2d 730, 733 (C.A.Wash. 1979); Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004), cert. denied, 2005 WL 282138 (May 2, 2005).

The party seeking to invoke the jurisdiction of the Court has the burden of establishing that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986); Thornhill, 594 F.2d at 733. "[A] Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency," whereupon the plaintiff must "present affidavits or any other evidence necessary to satisfy its burden." St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989) (holding that in a factual attack on subject matter jurisdiction, the Court may accept and evaluate evidence to determine whether jurisdiction exists).

## II.  Failure to State a Claim

The Court may dismiss a complaint as a matter of law

12

pursuant to Fed.R.Civ.P. Rule 12(b)(6) where it fails "to state a claim upon which relief can be granted."  Rule 8(a)(2) of the Fed.R.Civ.P. requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  This complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that recovery is very remote and unlikely"); <u>Kimes v. Stone</u>, 84 F.3d 1121, 1129 (9th Cir. 1996)("[a]ll that is required is that the complaint gives 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'") (quoting <u>Datagate, Inc. v. Hewlett-Packard Co.</u>, 941 F.2d 864, 870 (9th Cir. 1991)).

In evaluating a complaint when considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must presume all factual allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party.  <u>Roe v. City of San Diego</u>, 356 F.3d 1108, 1111-12 (9th Cir. 2004); <u>Pareto v. F.D.I.C.</u>, 139 F.3d 696, 699 (9th Cir. 1998); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974) (the complaint must be liberally construed, giving the plaintiff the benefit of all proper inferences).

Conclusory allegations of law and unwarranted

13

inferences, though, are insufficient to defeat a motion to dismiss.  <u>Pareto</u>, 139 F.3d at 699; <u>In re VeriFone Securities Litigation</u>, 11 F.3d 865, 868 (9th Cir. 1993) (conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim); <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981), <u>cert. denied</u>, 454 U.S. 1031 (1981) (the Court does not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations").  Additionally, the Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint.  <u>Sprewell</u>, 266 F.3d at 988.

        In <u>Bell Atl. Corp. v. Twombly</u>, 127 S.Ct. 1955 (2007), the United States Supreme Court addressed the pleading standards under the Federal Rules of Civil Procedure in the anti-trust context. Numerous federal courts have considered <u>Twombly's</u> effect on the federal pleading standard, namely whether <u>Twombly</u> established a blanket heightened pleading standard for all cases. The Court agrees with those courts that have held it does not.

        A few weeks after <u>Twombly</u>, the United States Supreme Court decided <u>Erickson v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007). In <u>Erickson</u>, a prisoner civil rights case, the Court reiterated that Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is

14

entitled to relief." The Supreme Court subsequently expounded upon Twombly and Erickson in Ashcroft v. Iqbal, __ S.Ct. __, 2009 WL 1361536, at *12 (2009). The United States Supreme Court stated in Iqbal that Twombly was not limited to the anti-trust context, but instead, "expounded the pleading standard for all civil actions." Id. at *16 (internal quotations omitted). The Supreme Court went on to hold that "[t]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id. at *12 (internal quotations omitted). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (internal quotations omitted).

The Ninth Circuit Court of Appeals in Skaff v. Meridien North America Beverly Hills, LLC, 506 F.3d 832 (9th Cir. 2007) applied Erickson in the Americans with Disabilities Act context, and reaffirmed the applicability of Rule 8's fair notice pleading standard. The Ninth Circuit clarified that Rule 8's fair notice pleading standard, as opposed to a heightened pleading standard, applies unless there is an explicit requirement in a statute or federal rule. Id. at 840-41 ("[T]he Supreme Court has repeatedly instructed us not to impose such heightened standards in the absence of an explicit requirement in a statute or federal rule.") (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515,

122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (rejecting heightened

pleading standard for Title VII employment discrimination suits);

Leatherman v. Tarrant County Narcotics Intelligence &

Coordination Unit, 507 U.S. 163, 164, (1993) (rejecting

heightened pleading standard for § 1983 suits asserting municipal

liability); see Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1973

n. 14, (2007); cf. Private Securities Litigation Reform Act of

1995, Pub.L. No. 104-67, § 101(b), 109 Stat. 737, 747 (imposing

heightened pleading standard for securities fraud class actions)

(codified at 15 U.S.C. § 78u-4(b)(1)-(2)); cf. Bly-Magee v.

Lungren, 214 Fed. Appx. 642, 644 (9th Cir. 2006) (noting

heightened pleading standard for all complaints alleging fraud or

mistake pursuant to Federal Rule of Civil Procedure 9(b)).


## ANALYSIS

### I.   Defendant Charles Lee Harlan's Motions for Joinder

On April 3, 2009, Defendant Charles Lee Harlan filed a

Motion to Join Defendant Island Cement's Motion to Dismiss First

Amended Complaint. In addition, on May 19, 2009, Defendant

Charles Lee Harlan filed a Motion to Join Defendants David

Knittle, Kevin Balog, and Deborah De Luz-Balog's Motion to

Dismiss First Amended Complaint.

Defendant Charles Lee Harlan's Motion to Join Defendant

Island Cement, LLC's Motion to Dismiss First Amended Complaint

(Doc. 126) and Motion to Join Defendants David Knittle, Kevin Balog, and Deborah De Luz-Balog's Motion to Dismiss First Amended Complaint (Doc. 142) are **GRANTED**.

## II.  Defendant Island Cement and Defendant Guarantors' Motions to Dismiss First Amended Complaint

### A.  Causes of Action I, II, III, IV: CERCLA Violation

#### 1.  Failure to State a Claim

Defendants Island Cement, LLC ("Island Cement") and Charles Lee Harlan move the Court to dismiss Causes of Action I, II, III, and IV. Defendant Island Cement and Defendant Harlan argue that Plaintiffs Trustees of the Estate of Bernice Pauahi Bishop ("Plaintiffs") fail to make the necessary allegations in order to state a valid claim under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601 <u>et</u> <u>seq</u>. (Island Cement's Motion to Dismiss at 9-10.)

Congress passed CERCLA in 1980 in order to facilitate the cleanup of leaking hazardous waste disposal sites. <u>Exxon Corp. v. Hunt</u>, 475 U.S. 355, 359-60 (1986). To this end, Congress created a private cause of action for certain costs against various types of persons/entities who contributed to the dumping of hazardous waste at a site. 42 U.S.C. § 9607(a); <u>Ascon Properties, Inc. v. Mobil Oil Co.</u>, 866 F.2d 1149, 1152 (9th Cir. 1989).

In order to state a claim under 42 U.S.C. § 9607(a), a plaintiff must allege that (1) the waste disposal site is a "facility" within the meaning of 42 U.S.C. § 9601(9); (2) a "release" or "threatened release" of any "hazardous substance" from the facility has occurred, 42 U.S.C. § 9607(a)(4); and (3) such "release" or "threatened release" has caused the plaintiff to incur certain costs, 42 U.S.C. § 9607(a)(4). Ascon Properties, 866 F.2d at 1152. In addition, a defendant must fall within a class of persons subject to liability under CERCLA. Id.; 42 U.S.C. § 9607(a)(1)-(4).

Plaintiffs have made all of the necessary allegations in the First Amended Complaint in order to state a prima facie claim under CERCLA. First, Plaintiffs allege that Defendants Island Cement and the Guarantors are "owners or operators of a facility on the Property for purposes of CERLCA under 42 U.S.C. § 9601 et seq." (Compl. at ¶ 48.) Second, Plaintiffs allege that "[d]uring [Defendants'] occupation of the Property," they "used, arranged for the transport, deposited, and/or otherwise released[2] hazardous substances on, in or under the Property." (Compl. at ¶

_____

[2]     The Ninth Circuit Court of Appeals has held that "a plaintiff need not allege the particular manner in which a release or threatened release has occurred in order to make out a prima facie claim under [42 U.S.C. § 9607(a)] of CERCLA." Ascon Properties, 866 F.2d at 1152.

18

51.)[3] Third, Plaintiffs allege that they incurred specified costs as a result of the release. (Compl. at ¶¶ 52-57.) Finally, Plaintiffs allege that Defendant Island Cement falls within the class of persons/entities subject to CERCLA's liability provisions under 42 U.S.C. § 9607(a)(1)-(4). (Compl. at ¶ 48.)

Plaintiffs have made all of the necessary allegations in order to state a valid claim under CERCLA. For this reason, Defendants Island Cement and Charles Lee Harlan's Motion to Dismiss Causes of Action I, II, III, and IV of the First Amended Complaint is **DENIED**.


## 2.   Individual Liability

Defendants David Knittle, Kevin Balog, Deborah De Luz-Balog, and Charles Lee Harlan argue that Causes of Action I, II, III, and IV should be dismissed against them because, as members of a limited liability company, they are not individually liable for any damages incurred by Island Cement. (Knittle's Motion to Dismiss at 3-5.)

The text of the federal statute, however, does provide for potential individual liability. 42 U.S.C. § 9607(a)(2)

---

[3]     The Court reads Paragraphs 48 and 51 of the First Amended Complaint to mean that Defendant Island Cement "released hazardous substances" onto the Property from the "facility" that was being operated on location. (See Island Cement's Motion to Dismiss at 9.)

19

provides that "any person[4] who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of" may be liable for remediation costs and damages under CERCLA. See also 42 U.S.C. § 9607(a)(1), (3), & (4); Ascon Properties, 866 F.2d at 1152-1153. Plaintiffs allege that Defendants David Knittle, Kevin Balog, Deborah De Luz-Balog, and Charles Lee Harlan fall within the scope of 42 U.S.C. § 9607(a). (See Compl. at ¶ 48.)

For this reason, Defendants David Knittle, Kevin Balog, Deborah De Luz-Balog, and Charles Lee Harlan's Motion to Dismiss Causes of Action I, II, III, and IV of the First Amended Complaint is **DENIED**.

### B. Causes of Action V and VI: Breach of Contract and Indemnification

Defendants Island Cement, David Knittle, Kevin Balog, Deborah De Luz-Balog, and Charles Lee Harlan also move the Court to dismiss Causes of Action V and VI.[5] Defendants Island Cement

---

[4]    The term "person" means, among other things, an individual, firm, corporation, association, partnership, consortium, joint venture, or commercial entity. 42 U.S.C. § 9601 (21).

[5]    Defendants Island Cement and the Guarantors' Motions to Dismiss seek to dismiss Causes of Action V and VI for failure to state a claim under Fed. R. Civ. P. 12(b)(6). In deciding a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the court's "[r]eview is limited to the complaint; evidence outside the pleadings . . . cannot normally be considered." Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (internal quotations omitted). Plaintiffs' Opposition, however, attempts to introduce as

and the Guarantors argue that Plaintiffs did not accrue any

rights as third-party beneficiaries of the Settlement Agreement,

Assignment of Lease, and Guaranty that were entered into by

Island Cement and Brewer Environmental Industries, LLC ("BEI"),

because these contracts are void and unenforceable. (Island

Cement's Motion to Dismiss at 7; Knittle's Motion to Dismiss at

5-8.) Defendants Island Cement and the Guarantors argue that the

Assignment of Lease required the prior written consent of

Plaintiffs before any assignment could be made by BEI. Under this

line of reasoning, Plaintiffs' refusal to give the necessary

consent[6] voided the attempted assignment, and "no set of facts .

. . could make the Assignment valid and/or enforceable."

(Knittle's Motion to Dismiss at 7.)

     The Court is unpersuaded by Defendants Island Cement

and the Guarantors' argument. Defendants Island Cement and the

Guarantors are equitably estopped from arguing that they are not

obligated by the terms set forth in the Settlement Agreement,

Assignment of Lease, and Guaranty because Plaintiffs did not give

their formal consent for the assignment to Island Cement. See

---

evidence a "Memorandum Agreement Re Lease No. 27,380" executed on
December 20, 2006. (Opposition at Ex. B.) The "Memorandum
Agreement" is not referenced in Plaintiffs' First Amended
Complaint. For this reason, it cannot be considered by the Court.
Cervantes, 5 F.3d at 1274.

    [6] There remains a factual dispute between the parties as
to why Plaintiffs did not consent to the Assignment of Lease.

Mundi v. Union Sec. Life Ins. Co., 555 F.3d 1042, 1045 (9th Cir. 2009). Dismissal of Causes of Action V and VI at this juncture would be manifestly unjust, considering that it is undisputed by the parties that Island Cement occupied the Property from January 2006 through September 2008 pursuant to the Assignment of Lease. (See Compl. ¶ 31.) The doctrine of equitable estoppel prevents dismissal of this action, by "preclud[ing] a party from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes." Mundi, 555 F.3d at 1045 (quoting Comer v. Micor, Inc., 436 F.3d 1098, 1101 (9th Cir. 2006)).

Defendant Island Cement previously claimed the benefits of the Assignment of Lease, and cannot achieve dismissal in order to avoid the burdens of the contract by arguing that Plaintiffs failed to give formal consent. Wash. Mut. Fin. Group, LLC v. Bailey, 364 F.3d 260, 268 (5th Cir. 2004) ("Restated, the doctrine of estoppel prevents a party from 'having it both ways.'"); see also Restatement of the Law, Second, Contracts, § 110, Illus. (d) ("Where there has been part performance or other action in reliance on an unenforceable contract, the effect is in some situations to make the contract fully enforceable . . . Even though no such rule is applicable, the circumstances may be such that justice requires enforcement of the promise. To the extent that justice so requires, the promise is then enforced by virtue

of the doctrine of estoppel.")

For this reason, Defendants Island Cement, David Knittle, Kevin Balog, Deborah De Luz-Balog, and Charles Lee Harlan's Motion to Dismiss Causes of Action V and VI of the First Amended Complaint is **DENIED**.

### C. Causes of Action VII, VIII, IX, X, and XI: HERL Violation, Waste, and Injunctive Relief

Defendants David Knittle, Kevin Balog, Deborah De Luz-Balog, and Charles Lee Harlan ("Guarantors") argue that Causes of Action VII, VIII, IX, X, and XI should be dismissed against them because, as members of a limited liability company, they are not personally liable for the damages incurred by Island Cement. (Knittle's Motion to Dismiss at 8.)

Defendants David Knittle, Kevin Balog, Deborah De Luz-Balog, and Charles Lee Harlan executed, in their individual capacity, a Guaranty of Island Cement's performance under the Settlement Agreement and Assignment of Lease. (See Opposition at Ex. E.) As Guarantors, the individual Defendants assumed the liabilities of Island Cement for non-performance under these contracts. (Opposition at Ex. E ¶ 1 (" . . . liability of Guarantor hereunder shall be the same as if Guarantor were named as Island Cement in the Agreement, Lease and Assignment during the Guaranty Term.").) The Assignment of Lease states, in part, that "Assignee [Island Cement] will assume responsibility for . .

23

. any loss, damage, cost, expense or liability, direct or indirect, arising out of or attributable to the violation by Assignor [BEI], Assignee's employees, agents or invitees . . . of any Hazardous Materials Laws . . ." (Opposition at Ex. F ¶ (d).)

A reading of the Guaranty and the Assignment of Lease together prevents the Court from dismissing Defendants David Knittle, Kevin Balog, Deborah De Luz-Balog, and Charles Lee Harlan. The Guarantors may be individually liable for Plaintiffs' state tort claims against Island Cement. According to the language of the Guaranty, Defendants David Knittle, Kevin Balog, Deborah De Luz-Balog, and Charles Lee Harlan purported to step into the place of Island Cement for purposes of liability under the Assignment of Lease. The fact that Island Cement is a limited liability company, governed under H.R.S. § 428-303, is rendered irrelevant, for purposes of determining liability in this instance, by the Guaranty and the Assignment of Lease.

For this reason, Defendants David Knittle, Kevin Balog, Deborah De Luz-Balog, and Charles Lee Harlan's Motion to Dismiss Causes of Action VII, VIII, IX, X, and XI of the First Amended Complaint is **DENIED**.


## CONCLUSION

The Court makes the following holdings for the pending motions in Civ. No. 08-00558:

Defendant Charles Lee Harlan's Motion to Join Defendant Island Cement, LLC's Motion to Dismiss First Amended Complaint (Doc. 126) is **GRANTED**.

Defendant Island Cement, LLC's Motion to Dismiss First Amended Complaint (Doc. 124) is **DENIED**.

Defendant Charles Lee Harlan's Motion to Join Defendants David Knittle, Kevin Balog, and Deborah De Luz-Balog's Motion to Dismiss First Amended Complaint (Doc. 142) is **GRANTED**.

Defendants David Knittle, Kevin Balog, and Deborah De Luz-Balog's Motion to Dismiss First Amended Complaint (Doc. 129) is **DENIED.**

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 2, 2009.



/S/ Helen Gillmor
_____
Helen Gillmor
Chief United States District Judge

---

TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP v. BREWER ENVIRONMENTAL INDUSTRIES, LLC, et al.; Civ. No. 06-00612 HG-LEK (Consolidated Case); TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP v. ISLAND CEMENT, LLC, et al.; Civ. No. 08-00558 HG-LEK; **ORDER GRANTING DEFENDANT CHARLES LEE HARLAN'S MOTION TO JOIN DEFENDANT ISLAND CEMENT, LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT IN CIV. NO. 08-00558 (Doc. 126); ORDER DENYING DEFENDANT ISLAND CEMENT, LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT IN CIV. NO. 08-00558 (Doc. 124); ORDER GRANTING DEFENDANT CHARLES LEE HARLAN'S MOTION TO JOIN DEFENDANTS DAVID KNITTLE, KEVIN BALOG, AND DEBORAH DE LUZ-BALOG'S MOTION TO**

DISMISS FIRST AMENDED COMPLAINT IN CIV. NO. 08-00558 (Doc. 142); ORDER DENYING DEFENDANTS DAVID KNITTLE, KEVIN BALOG, AND DEBORAH DE LUZ-BALOG'S MOTION TO DISMISS FIRST AMENDED COMPLAINT IN CIV. NO. 08-00558 (Doc. 129)